UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMERADA HESS CORPORATION, a
Delaware Corporation,

    Plaintiff,

v.                                    Case No. 5:05-cv-211-Oc-10GRJ

NAICKER ENTERPRISES, INC., a Florida
Corporation, VISHWA K. NAICKER, and
LALITA DEVI NAICKER ,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court upon an Order of Reference (Doc. 5) is Plaintiff's Verified Complaint for Foreclosure and Damages. (Doc. 1. ) For the reasons that follow a final judgment of foreclosure should be issued substantially in the form attached hereto for the amounts detailed below.

## I. DISCUSSION

This is an action by Amerada Hess Corporation ("Hess") to foreclose on its mortgages and security agreements on three Hess gasoline service stations owned and operated by Naicker Enterprises, Inc. ("Naicker") in Ocala, Florida. Naicker entered into three assignment agreements in which Naicker assumed the Branded Retailer

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Agreements previously entered into between Hess and the prior owners.[2] Concurrent with the assignment of the Branded Retailer Agreements Naicker executed and delivered to Hess three Mortgage Deeds,[3] each of which encumbers the real property, all improvements, equipment, fixtures, rents, issues and profits therefrom where the gasoline service stations are located and which secures all indebtedness owed to Hess by Naicker, including advances.[4]

Naicker was obligated under the Branded Retailer Agreements to purchase its requirements of motor fuel from Hess and to pay for the products it purchased from Hess. In addition to paying for the products it purchased from Hess Naicker was obligated to pay Hess: (i) $0.01 per gallon for each gallon under the contract minimum that Naicker failed to purchase as of the date of termination, plus $10,000 (the "prepaid competitive allowance") and (ii) $0.0025 per gallon for the conversion costs recovery for each gallon under the contract minimum that Naicker failed to purchase as of the date of termination (the "Conversion Cost Recovery".)

According to the verified representations in the Verified Complaint Naicker owes Hess the following sums, all of which are secured by the Mortgages and Security Agreements:

---

[2] The gasoline stations are located at: (1) 2015 North Pine Ave., Ocala, Florida, (2) 1830 Pine Avenue, Ocala, Florida, and (3) 1255 East Silver Springs Boulevard, Ocala, Florida.

[3] The mortgages were recorded in the public records of Marion County, Florida. The mortgage on the Hess station located at 2015 North Pine Avenue was recorded on August 18, 2004 in O.R. Book 03800, page 1815; the mortgage on the Hess station located at 1830 Pine Avenue was recorded on August 10, 2004 in O.R. Book 03795, page 1643; and the mortgage on the Hess station located at 1255 Silver Springs Boulevard was recorded on August 10, 2004 in O.R. Book 03794, page 1870.

[4] Naicker also executed security agreements on each of the gasoline stations and Hess filed UCC-1 financing statements for each of the gasoline stations thus perfecting its security interests in the personal property of Naicker at each of the gasoline stations.

(a) *2015 North Pine Avenue* - $255,658.81, which includes a conversion cost recovery of $26,828.19; pre-paid competitive allowance in the sum of $48,628.30; contract damages in the sum of $120404.09; and unpaid motor fuel in the total sum of $60,281.56.

(b) *1830 Pine Avenue* - $283,585.72, which includes a conversion cost recovery of $23,897.21; pre-paid competitive allowance in the sum of $81,634.59; contract damages in the sum of $105,972.74; and unpaid motor fuel in the total sum of $72,564.51.

(c) *1255 Silver Springs Boulevard* - $283,241.51, which includes a conversion cost recovery of $23,575.44; pre-paid competitive allowance in the sum of $86,742.07; contract damages in the sum of $107,419.19; and unpaid motor fuel in the total sum of $65,988.14.

(d) *Total* - $822,486.04.

On May 5, 2005 the Court issued its Orders to Show Cause (Docs. 6 and 7) pursuant to Fla. Stat. 702.10[5] which *inter alia* scheduled a hearing on June 7, 2005, after notice to Naicker, and required Naicker to file any verified defenses or motions challenging the foreclosure prior to the date of the hearing. Although, Naicker filed an answer, it was neither verified nor raised any defenses, other than a general denial. Naicker appeared at the hearing with counsel who stipulated on the record that the Defendants could not in good faith present any defenses to the claims for foreclosure. However, rather than recommending foreclosure of the mortgages and security

---

[5] Florida Stat. § 702.10 creates substantive rights under Florida law, see *Caple v. Tuttle's Design Build, Inc., 753 So. 2d 49 (Fla. 2000)* and, therefore, is applicable in this diversity case under *Erie* principles.

interests, the Court agreed to stay the issuance of a report and recommendation until July 1, 2005 to enable the parties to discuss resolution of the case, or if appropriate, to discuss procedures for the voluntary and orderly transfer of possession of the three gasoline stations. (Doc. 21.) Pursuant to stipulations filed by the parties (Docs. 23, 25 and 27) the Court extended the stay until July 15, August 4 and then lastly August 16. The Orders extending the stay notified the parties that in the event a notice was not filed before the deadline advising that the case had been resolved, the Court would issue a report and recommendation recommending that final judgment of foreclosure be entered for the amounts set forth in the Verified Complaint. The last deadline has passed and the parties have not filed any notice advising the Court that the matter has been resolved. Accordingly, Hess is entitled to the entry of a final judgment of foreclosure in the form attached hereto.

## II. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that the District Judge enter the final judgment of foreclosure attached hereto and enter an order directing Naicker to vacate the three gasoline stations forthwith.

**IN CHAMBERS** in Ocala, Florida, on August 18, 2005.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    Counsel of Record
    Defendants