UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMERADA HESS CORPORATION, a
Delaware Corporation,

    Plaintiff,

v.                                    Case No.  5:05-cv-211-Oc-10GRJ

NAICKER ENTERPRISES, INC., a Florida
Corporation, VISHWA K. NAICKER, and
LALITA DEVI NAICKER ,

    Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE came before the Court on the Report and Recommendation of the United States Magistrate Judge recommending that a final judgement of foreclosure should be entered on the Verified Complaint for Foreclosure file by Amerada Hess Corporation ("Hess") against Naicker Enterprises, Inc., a Florida corporation because Naicker has failed to show cause why this judgement should not be entered by the Court in accordance with section 702.10(1), Florida Statutes, and Naicker has waived the right to be heard. Accordingly, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1.    Plaintiff, Amerada Hess Corporation is entitled to entry of a final judgment of foreclosure (in rem only) against Naicker.

2.    Plaintiff is due from Defendant $822,486.04 plus prejudgment interest and reasonable attorneys' fees and costs to be determined at a subsequent date, and interest after the date of this judgment at the rate of 10% per annum.

3. Plaintiff holds a lien for the total sum of $822,486.04 superior to any claim or estate of Naicker against the real property which is located in Marion County, Florida and is more particularly described on the attached Exhibits "A", "B" and "C", and all personal property and fixtures attached thereto (the "Mortgaged Property"), and the Rents derived therefrom as described in the Verified Complaint. The Mortgaged Property and Rents are collectively referred to as the "Property." Plaintiff's lien is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of Naicker and all persons, firms or corporations claiming by, through or under Naicker or any of them, since the filing of the Notice of Lis Pendens.

4. If the total sum specified in Paragraph 3, with interest at the rate prescribed by law, and all costs of this action occurring subsequent to this Judgment are not paid within ten (10) days from the date of this Judgment, the United States Marshal shall sell the Property at public sale on January 19, 2006, at noon at the U.S. Courthouse, 207 NW Second Street, Ocala, Florida to the highest bidder for cash, except as set forth hereinafter.

5. Plaintiff may be the bidder for the purchase of the Property at the sale. If the Plaintiff is the purchaser of the Property, the Clerk shall credit on the bid of the Plaintiff the total sums found to be due to the Plaintiff, including any attorneys' fees incurred subsequent to the entry of this final judgment, or such portion thereof as may be deemed necessary to pay fully the bid of the Plaintiff.

6. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if the Plaintiff is not the purchaser of the Property at the sale. If Plaintiff is the purchaser, the Clerk shall credit the Plaintiff with the total sum

2

advanced with interest and costs accruing subsequent to this Judgment or such part thereof as is necessary to pay the bid in full.

7.  On filing the Marshal's Deed, the Clerk shall disburse the proceeds of the sale, so far as they are sufficient, by paying: (i) all of the Plaintiff's costs; (ii) documentary stamps affixed to the Marshal's Deed, if required by law; (iii) Plaintiff's attorney's fees; and (iv) the total sum due to the Plaintiff less the items paid, plus interest at the rate prescribed by law in Florida from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

8.  Upon issuance of the Marshal's Deed, which shall not be issued until ten (10) days after the sale has expired, or in the event any objections to the sale are filed not until the Court has issued an order on any such objections, the Defendant and all persons claiming under or against it since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the Property, and the Clerk is hereby ordered to issue a Writ of Possession to the purchaser.

9.  The Court retains jurisdiction to issue further judgments and orders as are proper, including the determination of further attorneys' fees and costs due to Plaintiff as a result of this foreclosure action.

**DONE AND ORDERED** in Ocala, Florida this _22d_ day of _November_ 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
United States Marshal (2 certified copies)

3

EXHIBIT A

That certain tract, piece or parcel of land situate, lying and being in the County of Marion and State of Florida, described as follows, to wit: that part of the South 1/2 of Northeast 1/4 of Northwest 1/4 of Northeast 1/4 of Section 7, Township 15 South, Range 22 East; lying West of Old Gainesville Highway; and lying East of Pine Street Highway; and lying North of Highway No. 200 (Pine Street cut-off to Jacksonville Highway); being also described as: South 1/2 of Northeast 1/4 of Northwest 1/4 of Northeast 1/4 of Section 7, Township 15 South, Range 22 East; EXCEPT: North 160 feet East of Old Dixie Highway; and EXCEPT: Old and New Dixie Highways; and EXCEPT: Highway No. 200; and EXCEPT: Commencing at the Southeast corner of South 1/2 of Northeast 1/4 of Northwest 1/4 of Northeast 1/4, thence West 143.2 feet to South right of way line of Pine Street and Jacksonville cut-off road, thence North 79°37' East 145.65 feet to the East boundary of Northwest 1/4 of Northeast 1/4, thence South 26 feet to the point of beginning; and EXCEPT: Commencing at the Northwest corner of South 1/2 of Northeast 1/4 of Northwest 1/4 of Northeast 1/4, thence South 0°2' East 332.24 feet, thence North 89°57' East 119.4 feet to the West line of Pine Street Highway, thence Northwesterly along said Right of Way line 334.24 feet, thence West 83.1 feet to the point of beginning.

ALSO DESCRIBED AS "Site No. 144," as follows:

Commencing at the Northeast corner of the Northeast 1/4 of the Northwest 1/4 of the Northeast 1/4 of Section 7, Township 15 South, Range 22 East, and proceed North 89°58'20" West, along the North Boundary line of said Northeast 1/4 of Northwest 1/4 of Northeast 1/4, a distance of 418.98 feet to an intersection with the Westerly Right of Way line of Old Gainesville Highway (being 40 feet wide); thence South 18°48'00" East, along said Westerly Right-of-Way Line, a distance of 348.89 feet to a concrete monument at the Point Of Beginning of Site No. 144 as described herein; thence continue South 18°48'00" East, along said Westerly Right of Way Line, a distance of 160.47 feet to a nail spike and brass cap at an intersection with the northerly Right of Way Line of Old U. S. Highway No. 301, also known as Old State Road No. 200, also known as Old Jacksonville Highway, (being 200 feet wide); thence South 79°41'25" West, along said Northerly Right of Way line, a distance of 107.58 feet to an eight-inch-square D. O. T. concrete monument marked S.R.D., said point being at an intersection with the Easterly Right of Way Line of new U. S. Highway 301 & 441, also known as State Road No. 25 and 200, also known as Pine Street Highway (being 200 feet wide), said point also being on a curve concave Southwesterly, having a radius distance of 5,829.65 feet, a central angle of 01°41'52"; thence Northwesterly, along said Easterly Right of Way Line and along the arc of said curve, a distance of 172.74 feet, through a chord bearing a distance of north 06°42'34" West, 172.73 feet to a concrete monument; thence South 89°42'23" East, a distance of 74.31 feet to a concrete monument at the Point of Beginning. Said Site No. 144 lying and being situate in the City of Ocala, Marion County, Florida.

# EXHIBIT A

Case 5:05-cv-00211-WTH-GRJ   Document 30   Filed 11/22/05   Page 5 of 6 PageID 119
Case 5:05-cv-00211-WTH-GRJ   Document 29-2   Filed 08/18/2005   Page 5 of 6
Case 5:05-cv-00211-GRJ-GRJ   Document 2   Filed 04/27/2005   Page 3 of 4

EXHIBIT A

Lot 28 and that part of Lots 23, 24, 25, 27, and 6, Block 4, MEADOWVIEW-SECOND ADDITION, as per plat thereof as recorded in Plat Book B, Page 236, public records of Marion County, Florida, lying West of U. S. Highway 441



EXHIBIT B

Case 5:05-cv-00211-WTH-GRJ   Document 30   Filed 11/22/05   Page 6 of 6 PageID 120
Case 5:05-cv-00211-WTH-GRJ   Document 29-2   Filed 08/18/2005   Page 6 of 6
Case 5:05-cv-00211-GRJ-GRJ   Document 2   Filed 04/27/2005   Page 4 of 4

EXHIBIT A

Lots 117, 118 and 119, Lynwood Park, according to the map or plat thereof as recorded in Plat Book A, Page 182, public records of Marion County, Florida, excepting that part within the right of way of State Road No. 40 (Silver Springs Boulevard).

EXHIBIT C